BEFORE THE FIRST DIVISION, MAY 29, 1957

**No. 60793.**—Merrimac Hat Corp. v. United States, protest 266231–K (Boston).

MOLLISON, Judge: This is a protest against the action of the collector of customs in refusing to allow drawback under section 313 (a) of the Tariff Act of 1930 on the exportation of 30 bags of carbonized and depainted noils, manufactured or produced in the United States with the use of imported duty-paid noils.

The facts of the case show that there is no question as to the importation, manufacture, and exportation of the merchandise in question. The sole reason for disallowance of drawback is based upon failure of compliance with certain customs regulations. The parties have stipulated that the applicable provisions of the law and all applicable provisions of the customs regulations, in force and effect at the time of importation, manufacture, and exportation, were complied with, except that the Government refused to concede that compliance was had with the provisions of sections 22.7 (*e*) and section 22.15 of the Customs Regulations of 1943, as then in force and effect. Those regulations read as follows:

**22.7 Notice of intent to export; local or direct shipments from a seaboard or frontier port.**

\* \* \* \* \* \* \*

(e) When merchandise is to be exported otherwise than by sea and drawback will be claimed, the carrier shall notify the proper customs officer at the port of exit of the arrival and point of departure of the merchandise before it leaves the United States. If such notice was not given and there was no customs inspection of the shipment for drawback purposes, drawback shall not be allowed. (Sec. 313, 46 Stat. 693, secs. 402, 403, 49 Stat. 1960, sec. 624, 46 Stat. 759; 19 U. S. C. 1313, 1624.)

\* \* \* \* \* \* \*

**22.15 Failure to obtain inspection and supervision of lading.**—Whenever the inspecting officer is unable to certify to the inspection and supervision of lading of the merchandise covered by a notice of intent, he shall examine the records of the delivering and exporting carriers for the purpose of verifying the particulars stated in the notice of intent and make his certificate accordingly, whether or not the notice of intent was timely. In such cases the certificate of the inspector shall be accepted as sufficient evidence of lading and the drawback shall be allowed, provided the notice of intent was timely, the regulations were otherwise complied with, and the failure to inspect was not the fault of the exporter, the carrier, or an agent of either. (Sec. 313, 46 Stat. 693, secs. 402, 403, 49 Stat. 1960, sec. 624, 46 Stat. 759; 19 U. S. C. 1313, 1624.)

At the trial of the issue, plaintiff established that timely notice of intent to export with benefit of drawback, required by section 22.7 (a) of the said regulations, had been filed. The plaintiff, however, failed to prove that the exporting carrier had actually notified the customs officer at the port of exit of the arrival and point of departure of the merchandise before it left the United States, as required by section 22.7 (e), *supra.*

In one respect, that of failure to show that the carrier notified the customs officer at the port of exit, this case presents the same situation which obtained in the case of *W. C. Hardesty Co., Inc.* v. *United States,* 20 Cust. Ct. 115, C. D. 1092. In that case, this division of the court pointed out that the exporter had done all on his part that could be done, and the failure of the carrier, over whom he did not have control and who was not a party to the drawback claim, to perform the task of notifying the customs officer at the port of exit, with respect to the shipment, should not inure to the disadvantage of the exporter. However, the opposite view was taken by our appellate court, when it decided the case on appeal (*United States* v. *W. C. Hardesty Co., Inc.,* 36 C. C. P. A. (Customs) 47, C. A. D. 396), and it was held that the regulation providing for notification by the carrier was mandatory and that such notification was essential to a successful drawback claim.

The plaintiff in this case has not contended that the regulations, represented by sections 22.7 (e) and 22.15, *supra,* were invalid because of unreasonableness, nor was any attempt made to show that the cooperation of the carrier could not be obtained in the instant matter. Plaintiff relies upon the case of *Collett-Week-Nibecker, Inc.* v. *United States,* 28 Cust. Ct. 472, Abstract 56643, which, although involving a situation of failure of inspection of a drawback shipment at the port of exit, differs from the instant case, in that the proof there established that section 22.7 (e), *supra,* had been complied with and the customs officer at the port of exit properly notified.

Such proof is absent from this case, and, in the light of the record and the present law on the subject, we have no course but to overrule the protest claim.

Judgment will issue accordingly.